IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALLSTATE INDEMNITY CO.                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 4:16-CV-7-SA-DAS

ALEXIS LOGAN,
UNION INSURANCE CO., *and*
S AND E, INC.                                                                     DEFENDANTS

ORDER

Now before the Court is Alexis Logan's Motion to Dismiss pursuant to the *Brillhart-Wilton* abstention doctrine [26]. Union Insurance Co. joined in the Motion [37]. With the briefing now complete, and after considering the relevant arguments, rules, and authorities, the Court finds as follows.

*Factual and Procedural Background*

Defendant Logan leased a residence from S and E, Inc. and obtained a renter's insurance policy from Plaintiff Allstate. S and E's interest in the residence was insured by Union. After a fire substantially damaged the residence, Union paid $75,000 to S and E, the full amount of their policy. On December 11, 2015, Union filed a subrogation claim against Logan in state court alleging that her negligence caused the fire.

On January 15, 2016, Allstate filed this declaratory judgment action requesting that this Court determine the extent of coverage and obligations, if any, to Logan, Union, and S and E under the renter's policy. Allstate alleges, *inter alia*, that it has no obligation under the renter's policy because Logan intentionally set the fire and made other material misrepresentations in the claims process thereby voiding the policy.

On March 9, 2016, Logan filed a third party complaint against Allstate in the state court action. On March 23, 2016, Logan filed an answer and counterclaim in this federal case. Logan's counterclaim, which is virtually identical to her third-party complaint in state court, includes requests for declaratory relief, specifically that the renter's policy is valid, and coercive relief and damages including enforcement of the policy, breach of contract, bad faith refusal to provide coverage, and tortious breach of contract. At this time, Allstate has not been served with process in the state court action.

*Analysis and Discussion*

In the instant motion, Logan argues that the Court has, and should exercise, the discretion to abstain from hearing a declaratory judgment action when a similar action is pending in state court under the *Brillhart-Wilton* doctrine. Allstate opposes abstention, and the parties have briefed and argued the factors relevant to the doctrine. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) (enumerating factors).

The Court acknowledges that district courts may have discretion under the Declaratory Judgment Act to abstain from exercising jurisdiction in certain cases when similar litigation is pending in state court. *See* 28 U.S.C.A. § 2201 (a) (stating in part "[a]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added); *Trejo*, 39 F.3d at 590-91.

It is well settled in the Fifth Circuit that abstention under the *Brillhart-Wilton* doctrine is inappropriate in cases that contain claims for coercive relief and damages in addition to declaratory relief. *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251-52 (5th Cir. 2005). This includes requests for coercive relief and damages contained in counterclaims, so long as the request for other relief is neither frivolous nor is made solely to

2

avoid application of the *Brillhart-Wilton* doctrine. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 397 (5th Cir. 2009); *Am. Guarantee*, 408 F.3d at 251-52.

Logan's counterclaims appear facially, to be relevant and directly related to the issues presented by Allstate. It does not appear from the record that Logan's counterclaims were brought specifically to defeat abstention, particularly in light of the fact that Logan is the party moving for abstention.

For these reasons, the Court finds that abstention under the *Brillhart-Wilton* doctrine is inappropriate in this case, and Defendant Logan's Motion to Dismiss is DENIED.

**SO ORDERED on this the 20th day of May, 2016.**

                                        __/s/ Sharion Aycock__
                                        **UNITED STATES DISTRICT JUDGE**